UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| MELISSA MICHAEL<br>4515 Liberty Rd.<br>Cleveland OH 44121-3820<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>JAVITCH, BLOCK & RATHBONE,<br>ATTORNEYS AT LAW, A LIMITED<br>LIABILITY PARTNERSHIP<br>1100 Superior Ave., 18th Fl.<br>Cleveland OH 44114-2518<br><br>　　　　　Defendant. | CASE NO: _____<br><br>JUDGE: _____<br><br>**COMPLAINT**<br><br>***Jury Demand Endorsed Hereon***|

## I.　INTRODUCTION

　　1.　This action is brought by Melissa Michael on behalf of herself and others similarly situated against Javitch, Block & Rathbone, Attorneys at Law, a limited liability partnership, for violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. Section 1692, *et seq.*, (the "FDCPA")[1]. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. Plaintiff seeks actual and punitive damages, statutory damages, attorneys fees, costs, and equitable relief pursuant to the FDCPA and/or State Consumer Statutes. The FDCPA provides: "a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. The FDCPA defines a variety of specific acts that constitute "false, deceptive, or misleading" debt-collection practices or that otherwise violate the FDCPA. Plaintiff requests that the practices of Defendant, as described below, be declared to violate the FDCPA and that Defendant be enjoined from such conduct in the future. Further, Plaintiff requests that she and

---

[1] This strict liability statute provides for actual and statutory damages upon the showing of one (1) violation. 15 U.S.C. Section 1692K.

1

the class members be awarded actual and statutory damages, and attorney fees, payable by the Defendant.

2. Whether a letter or other communication constitutes an unfair debt-collection practice is judged from the perspective of the "least sophisticated consumer." *See Kistner v. Law Office of Michael P. Margelefsky LLC*, 518 F.3d 433, 438-39 (6th Cir. 2008). This standard protects naïve consumers. *Id*.

3. The FDCPA provides for statutory damages of up to $1,000 per plaintiff. *See* 15 U.S.C. §1692k(a)(2)(A). The FDCPA also specifically provides for class actions against debt collectors. "[I]n the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector." 15 U.S.C. ¶1692k(a)(2)(B). In a class action, therefore, the statutory damages provided by the FDCPA are up to $1,000 for each named plaintiff plus a further amount up to the lesser of $500,000 or 1% of the defendant debt collector's net worth for the class members other than the named plaintiff(s).

4. The FDCPA also permits recovery of "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. §1692(a)(3).

**II.     JURISDICTION AND VENUE**

5. This Court has subject-matter jurisdiction under 28 U.S.C. §1331 (federal question) and 15 U.S.C. §1692k(d) ("An action to enforce any liability created by this subchapter may be brought in any appropriate United States District Court without regard to the amount in controversy"). And, pursuant to 28 U.S.C. Section 1367 for pendant state law claims.

6. This Court has personal jurisdiction over Defendant because Defendant's principal place of business is located in this state; Defendants undertake continuous and

systematic business activities in the form of its debt-collection business within this state; and the specific acts that give rise to this complaint, namely, the sending and receipt of Exhibit 1, took place in this state.

7. Venue is proper in the Northern District of Ohio pursuant to 28 U.S.C. Sections 1391(B) and (C); the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

### III. PARTIES

8. Plaintiff is Melissa Michael, an individual residing in Ohio.

9. Defendant is Javitch, Block & Rathbone, Attorneys at Law, a limited liability partnership, an Ohio company engaged in the business of collecting debts nationally, locally, and within the State of Ohio using instrumentalities of interstate commerce with its principal place of business located at 1100 Superior Avenue, 18th Floor, Cleveland, Ohio 44114-2518.

10. Defendant is a debt collector as *debt collector* is defined in the FDCPA. This is because Defendant uses the mails, the telephone system, and other instrumentalities of interstate commerce in business, the principal purpose of which is to collect debt owed to third parties. *See* 15 U.S.C. §1692a(6). In this case, Defendant alleged that the debt Defendant sought to collect was owed to CitiBank (South Dakota), N.A. The debt that Defendant sought to collect is a *debt* as defined in the FDCPA because it was a credit-card debt incurred for the personal use of the plaintiff. *See* 15. U.S.C. §1692a(5).

11. Plaintiff is a consumer as *consumer* is defined in the FDCPA.

### IV. FACTUAL ALLEGATIONS

12. Prior to this action, Plaintiff was extended a Home Depot credit card through CitiBank (South Dakota), N.A. ("CitiBank"). Subsequently, CitiBank placed the account with

3

Defendant for purposes of collection. Defendant sent letters to Plaintiff in May of 2010, which are "communications" relating to a "debt" as defined by 15 U.S.C. 1692(A)2.

13. Exhibit 1 is a debt-collection letter sent by Defendant to Plaintiff dated May 18, 2010.

14. Exhibit 1 is written on the letterhead: "Javitch Block & Rathbone, Attorneys At Law."

15. Exhibit 1 states, in relevant part:

*We represent the above creditor* concerning the above balance due, which was placed with us for collection.

*Although we are a law firm, at this time, no attorney has evaluated your case, or made any recommendation regarding the validity of the creditor's claims, or personally reviewed the circumstances of your account.* If making a payment, payment should be made to the creditor listed above.

\* \* \*

16. Exhibit 1 is unsigned, but has a typed signature block stating: "Javitch, Block & Rathbone LLP."

17. Exhibit 1 directs the Plaintiff to call an individual by the name of Michael Collins at Javitch, Block & Rathbone, Attorneys at Law, to discuss the matter.

18. Upon information and belief, Michael Collins is a paralegal and not an attorney licensed to practice law in the State of Ohio or in any other state, yet the letter fails to identify Mr. Collins as a non-lawyer.

19. Upon information and belief, at the time that Defendant issued Exhibit 1 to Plaintiff no attorney had been assigned by Defendant to conduct a meaningful review of Plaintiff's account.

20. On May 12, 2010, CitiBank issued a letter to Plaintiff Michael confirming a mutually agreed upon payment plan. (See Exhibit 2.) On that same date, Plaintiff Michael made her first payment of Fifty Dollars ($50.00) per the agreement set forth in Exhibit 2 (see Exhibit 3 - proof of payment).

21. Defendant did not conduct a professional review by a licensed attorney of Plaintiff's file before it issued Exhibit 1, otherwise, upon information and belief, collection efforts would not have been instituted because of the payback agreement reflected in Exhibit 2.

22. Defendant's actions as described herein are part of a pattern and practice of regular conduct. Upon information and belief, Defendant has issued this letter to multiple thousands of debtors both within the State of Ohio and throughout the country.

23. At all times pertinent hereto, the Defendant was acting by and through its agents, servants, and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant.

24. Defendant's actions as described herein were done with malicious, intentional, willful, reckless, negligent, and wanton disregard for Plaintiff's rights with the purpose of coercing Plaintiff to pay an alleged debt.

25. The Plaintiff has been harmed by the Defendant's conduct.

26. The conduct of the Defendant rises to a level sufficient to warrant the award of punitive damages.

**V.     DEFENDANTS POLICIES AND PRACTICES**

27. Upon information and belief it is the standard policy and practice of Defendant to falsely represent the character, amount or legal status of debt.

28. Upon information and belief it is the standard policy and practice of Defendant to falsely represent or imply that they intend to bring suit when, in fact, they do not so intend.

29. Upon information and belief it is the standard policy and practice of Defendant to fail to advise unrepresented consumers, such as Plaintiff, that they could take no legal action against them.

30. Upon information and belief it is the standard policy and practice of Defendant to falsely represent or imply that an attorney has reviewed the consumer's file when, in fact, no attorney has done so.

31. Upon information and belief it is the standard policy and practice of Defendant to use the authority and credibility created by its letterhead to collect debt and convey the threat of suit, without any meaningful review of the consumer's account.

32. Upon information and belief it is the standard policy and practice of Defendant to use its position and title as attorneys in order to add a false sense of heightened urgency and intimidation to its collection practices, without any meaningful attorney review of the consumer's account.

33. Upon information and belief it is the standard policy and practice of Defendant to attempt to collect a debt without proper assignment of the claim, and to fail to comply with the FDCPA.

## VI. CLASS ACTIONS

34. Plaintiff seeks to prosecute this case as a class action on behalf of a class defined as follows:

> All natural persons throughout Ohio and the country who, within five (5) years before the date of this complaint received a letter substantially similar to the letter attached hereto as Exhibit 1 from Defendant in connection with an attempt to collect a debt, where the debt was incurred for personal, family, or household reasons and the Defendant was collecting the debt on behalf of a third-party.

35. This is a letter case. All debtors or alleged debtors who received letters like Exhibit 1 have exactly the same claim as Plaintiff. Because Defendant is in the business of collecting debt and these letters appear to be form letters, the group of recipients of letters like Exhibit 1 is sufficiently numerous that it would be more efficient to address the claims of that group through a class action than through a multiplicity of individual actions.

6

36. The questions of fact and law are entirely common. The only question of fact is whether the debtors or alleged debtors received letters like Exhibit 1 and whether the defendant sent those letters. The question of fact can be proved up by class members submitting the letters they received when they file their claims. The questions of law are whether the statements and implications of Exhibit 1 violate the FDCPA as alleged in this complaint. That is, the only questions of law are exactly the same for others who received letters like Exhibit 1 as they are for the named Plaintiff. Whether a debt collectors letter violates the FDCPA is a legal question to be resolved by the court. *Smith v. Computer Credit, Inc.*, 167 F.3d 1052 C.A. 6 (Ohio), 1999.

37. The named Plaintiff is entirely typical of the class. She received the letter identified as Exhibit 1. Because the only issue is whether the statements in that letter violate the FDCPA, the Plaintiff is typical of the class in the only relevant respect: she received the allegedly unlawful letter.

38. The named Plaintiff is an adequate class representative. She has chosen to vigorously pursue her claims. And she has engaged qualified counsel with substantial experience in representing Plaintiffs and class members in class action litigation.

39. This class should be certified under Rule 23(b)(3).

40. The common questions of law and fact predominate in this case because the only questions are common: whether letters like Exhibit 1 were sent and received and whether the statements in those letters identified in this complaint violate the provisions of the FDCPA identified in this complaint. There are no other questions of law or fact. Thus, the common questions predominate.

41. The class members have no substantial interest in controlling the prosecution of this case individually. The questions are entirely common and the legal strategy with respect to those questions is clear. The principal arguments have already been spelled out in this complaint.

They are straightforward. And, in a class action, the Plaintiffs will have the services of counsel familiar with complex litigation who would not have adequate incentive to handle these cases on an individual basis.

42. Plaintiff requests certification of a hybrid class combining the elements of Rule 23(B) for monetary damages and Rule 23(B)(2) for equitable relief.

## VII. CLAIM FOR RELIEF

**Fair Debt Collection Practices (15 U.S.C. Section 1692, *et seq*.)**

43. The preceding paragraphs are incorporated by reference as though fully set forth herein.

44. Defendant violated the FDCPA by falsely representing the character, amount, or legal status of debt.

45. Defendant violated the FDCPA by failing to advise unrepresented consumers, such as Plaintiff, that they could take no legal action against them.

46. Defendant violated the FDCPA by using the authority and credibility created by its letterhead to collect debt and/or convey the threat of suit, without any meaningful attorney review of the consumer's account.

47. Defendant violated the FDCPA by using its position and title as attorneys in order to add a false sense of heightened urgency and intimidation to its collection practices, without any meaningful attorney review of the consumer's account.

48. Defendant violated the FDCPA by mailing a letter (Exhibit 1) that would confuse the "least sophisticated consumer" about his/her rights.

49. That absence of attorney evaluation violates Section 1692e(3) of the FDCPA, which prohibits the "false representation or implication that any individual is an attorney or that any communication is from an attorney."

## JURY DEMAND

50. Plaintiff respectfully demands a trial by jury on all claims so triable.

## VII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff Melissa Michael requests that this Honorable Court Order the following relief from Defendant Javitch, Block & Rathbone, Attorneys at Law, a limited liability partnership:

1. Certification of class;

2. Appoint Plaintiff to represent the members of the class;

3. Appoint the undersigned counsel as counsel for the class;

4. Declaratory judgment that Defendant's practices violate the FDCPA;

5. Actual and punitive damages in excess of $75,000.00;

6. The maximum of amount of Statutory damages as provided under 15 U.S.C. 1692(K);

7. Attorneys fees, litigation expenses, and costs;

8. Pre- and post-judgment interest; and

9. Such other or further relief as the Court deems appropriate.

        Respectfully submitted,

        */s/Thomas J. Connick*
**THOMAS J. CONNICK (0070527)**
**DUBYAK CONNICK THOMPSON & BLOOM, LLC**
3401 Enterprise Parkway, Suite 205
Cleveland OH 44122
PH: 216-364-0500 | FX: 216-364-0505
tconnick@dctblaw.com.com
*Attorney for Plaintiff Melissa Michael*

F:\Clients - Connick\Michael, Melissa A (Ciarillo)\Michael v. CitiBank\COMPLAINT 05-10-2011.doc