# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| MELISSA MICHAEL<br>4515 Liberty Rd.<br>Cleveland OH 44121-3820<br><br>Plaintiff,<br><br>vs.<br><br>JAVITCH, BLOCK & RATHBONE,<br>ATTORNEYS AT LAW, A LIMITED<br>LIABILITY COMPANY<br>1100 Superior Ave., 18th Fl.<br>Cleveland OH 44114-2518<br><br>SERVE ALSO STATUTORY AGENT:<br>JOEL H. RATHBONE<br>1100 Superior Ave. 19TH Floor<br>Cleveland OH 44114<br><br>Defendant. | CASE NO: 1:11-CV-926<br><br>JUDGE: DONALD C. NUGENT<br><br>**FIRST AMENDED COMPLAINT**<br><br>*Jury Demand Endorsed Hereon* |

## I.   INTRODUCTION

1.   This action is brought by Melissa Michael on behalf of herself and others similarly situated against Javitch, Block & Rathbone, Attorneys at Law, a limited liability company, for violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, (the "FDCPA")[1] and false light invasion of privacy, on behalf of Melissa Michael, individually. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. Plaintiff seeks actual and statutory damages, additional damages, attorneys' fees, costs, and equitable relief pursuant to the FDCPA, and, where applicable, punitive damages. The FDCPA provides: "a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. The FDCPA defines a variety of specific acts that constitute "false, deceptive, or misleading" debt-collection practices or that

---

[1] This strict liability statute provides for actual and statutory damages upon the showing of one (1) violation. 15 U.S.C. § 1692K.

1

otherwise violate the FDCPA. Plaintiff requests that the practices of Defendant, as described below, be declared to violate the FDCPA and that Defendant be enjoined from such conduct in the future. Further, Plaintiff requests that she and the class members be awarded actual, statutory, and additional damages, and attorney fees, payable by the Defendant. Plaintiff further seeks punitive damages where applicable, related to her individual claim for false light invasion of privacy.

2. Under Ohio law one is liable for false light invasion of privacy if: "(a) the false light in which the other is placed would be highly offensive to a reasonable person, and (b) the actor had knowledge of or acted in a reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed." *Creatore v. Girton, Oakes & Burger, Inc.*, slip copy, 2010 WL 3672229 (N.D. Ohio). Citing *Welling v. Weinfeld*, 113 Ohio St. 3d 464, 472, 866 N.E.2d 1051 (2007); see also *Patrick v. Cleveland Scene Pub. LLC*, 582 F. Supp. 2d 939, 583-84 (N.D. Ohio 2008).

3. The use of a business, company, or organization name other than the true name of the debt collector's business, company, or organization is a false, deceptive, and/or misleading representation or means in connection with the collection of any debt. See 15 U.S.C. § 1692e(14).

4. A debt collector violates the FDCPA when it sends a letter that is "false, deceptive, or misleading representation or means in connection with collection of any debt 15 U.S.C. § 1692e. Included in these prohibitions is "the false representation or implication that any individual is an attorney or that any communication is from an attorney." 15 U.S.C. § 1692e(3).

5. Whether a letter or other communication constitutes an unfair debt-collection practice is judged from the perspective of the "least sophisticated consumer." *See Kistner v. Law Office of Michael P. Margelefsky LLC*, 518 F.3d 433, 438-39 (6th Cir. 2008). This standard protects naïve consumers. *Id.*

2

6. The FDCPA provides for statutory damages of up to $1,000 per plaintiff. *See* 15 U.S.C. §1692k(a)(2)(A). The FDCPA also specifically provides for class actions against debt collectors. "[I]n the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector." 15 U.S.C. ¶1692k(a)(2)(B). In a class action, therefore, the statutory damages provided by the FDCPA are up to $1,000 for each named plaintiff plus a further amount up to the lesser of $500,000 or 1% of the defendant debt collector's net worth for the class members other than the named plaintiff(s).

7. The FDCPA also provides for recovery of actual damages. The Federal Trade Commission commentary to the FDCPA, as well as various Federal District and Circuit Courts, have established that actual damages for FDCPA violations include "damages for personal humiliation, embarrassment, mental anguish, or emotional distress" as well as "out of pocket expenses." *Carter v. Countrywide Home Loans, Inc.*, No. CIV :07-CV641, 2009 U.S. Dist. LEXIS 31446 (E.D. Va. Apr. 14, 2009) (citing Staff Commentary on the Fair Debt Collection Practices Act, 5e Fed. Reg. 50097, 50109 (Dec. 13, 1988); *Davis v. Creditors Interchange Receivable Mgmt., LLC*, 585 F. Supp. 2d 968 (M.D. Ohio 2008). Plaintiff(s) herein have incurred actual damages.

8. The FDCPA also permits recovery of "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. §1692(a)(3).

9. The FDCPA allows for declaratory and/or injunctive relief when close certification is sought pursuant to Fed. R. Civ. 23(b)(2). <u>See</u> *Stewart v. Cheek & Zeehandelar, LLP*, 252 F.R.D. 387, 394 (S.D. Ohio 2008).

3

## II. JURISDICTION AND VENUE

10. This Court has subject-matter jurisdiction under 28 U.S.C. §1331 (federal question) and 15 U.S.C. §1692k(d) ("An action to enforce any liability created by this subchapter may be brought in any appropriate United States District Court without regard to the amount in controversy"). And, pursuant to 28 U.S.C. § 1367 for pendant state law claims.

11. This Court has personal jurisdiction over Defendant because Defendant's principal place of business is located in this state; Defendant undertakes continuous and systematic business activities in the form of a debt-collection business within this state; and the specific acts that give rise to this complaint took place in this state.

12. Venue is proper in the Northern District of Ohio pursuant to 28 U.S.C. §§ 1391(B) and (C); the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## III. PARTIES

13. Plaintiff is Melissa Michael, an individual residing in Ohio.

14. Defendant, Javitch, Block & Rathbone, Attorneys at Law, a limited liability company as organized under Ohio law on May 17, 2010, is a company engaged in the business of collecting debts nationally, locally, and within the State of Ohio using instrumentalities of interstate commerce with its principal place of business located at 1100 Superior Avenue, 18th Floor, Cleveland, Ohio 44114-2518.

15. Defendant is a debt collector as *debt collector* is defined in the FDCPA. This is because Defendant uses the mails, the telephone system, and other instrumentalities of interstate commerce in business, the principal purpose of which is to collect debt owed to third parties. *See* 15 U.S.C. §1692a(6). In this case, Defendant alleged that the debt Defendant sought to collect was owed to CitiBank (South Dakota), N.A. The debt that Defendant sought to collect is a *debt* as

4

defined in the FDCPA because it was a credit-card debt incurred for the personal use of the plaintiff. *See* 15. U.S.C. §1692a(5).

16. Defendant is a supplier as defined in O.R.C. § 1345.01(C).

17. Plaintiff is a consumer as *consumer* is defined in the FDCPA.

### IV. FACTUAL ALLEGATIONS

18. Plaintiff incorporates by reference paragraphs 1 through 17 as if fully rewritten herein.

19. Prior to this action, Plaintiff was extended a Home Depot credit card through CitiBank (South Dakota), N.A. ("CitiBank"). Subsequently, CitiBank placed the account with Defendant for purposes of collection. Defendant sent letters to Plaintiff in May of 2010, which are "communications" relating to a "debt" as defined by 15 U.S.C. 1692(A)2.

20. **Exhibit 1** is a debt-collection letter sent by Defendant to Plaintiff dated May 18, 2010.

21. **Exhibit 1** is written on the letterhead: "Javitch Block & Rathbone, Attorneys At Law," and denoted Defendant as a "Limited Liability Partnership."

22. Prior to May 17, 2010, Defendant's true business, company, and/or organization name was Javitch Block & Rathbone, Attorneys at Law -- A Limited Liability Partnership.

23. On May 17, 2010, Defendant changed its' true business, company, and/or organization name to Javitch Block & Rathbone, Attorneys at Law -- A Limited Liability Company. See **Exhibit 2**, pgs. 1-6.

24. **Exhibit 1** states, in relevant part:

*We represent the above creditor* concerning the above balance due, which was placed with us for collection.

***Although we are a law firm, at this time, no attorney has evaluated your case, or made any recommendation regarding the validity of the creditor's claims, or***

5

*personally reviewed the circumstances of your account.* If making a payment, payment should be made to the creditor listed above.

*＊＊＊*

*Unless you, within thirty days after receipt of this notice, dispute the validity of this debt, or any portion thereof, the debt will be assumed to be valid by us. If you notify us in writing within the thirty-day period that the debt, or any portion thereof, is disputed, we will obtain verification of the debt and a copy of such verification will be mailed to you by us.*

25. **Exhibit 1** is unsigned, but has a typed signature block stating: "Javitch, Block & Rathbone LLP," and it states at the bottom of the page "A Limited Liability Partnership."

26. **Exhibit 1** directs the Plaintiff to call an individual by the name of Michael Collins at Javitch, Block & Rathbone, Attorneys at Law, to discuss the matter.

27. Upon information and belief, Michael Collins is a paralegal and not an attorney licensed to practice law in the State of Ohio or in any other state, yet the letter fails to identify Mr. Collins as a non-lawyer acting solely as debt collector.

28. The ABA Model Guidelines for the utilization of paralegal services as well as, upon information and belief, Ohio State's ethical rules for attorneys and paralegals, requires the full disclosure that a person is a paralegal and not an attorney.

29. Upon information and belief, at the time that Defendant issued **Exhibit 1** to Plaintiff no attorney had been assigned by Defendant to conduct a meaningful review of Plaintiff's account.

30. The letter attached as **Exhibit 1** contains at the top left hand corner that the letter was sent by "Javitch Block & Rathbone <u>ATTORNEYS AT LAW</u>.[2] The letter goes on to state that "we represent the above creditor". Such language connotates a lawyer-client relationship between the defendant and the third-party creditor to seek collection of the debt on behalf of the third-party creditor.

---

[2] Emphasis Added.

6

31.     The alleged "disclaimer" in the letter attached as **Exhibit 1** and highlighted in paragraph **24** of this Complaint, above, fails to clearly, prominently and conspicuously state that although the letter is from a law firm, the law firm, and/or its lawyers are acting <u>only</u> as a debt collector. Further, the alleged "disclaimer" that "…no attorney has evaluated your case…or personally reviewed the circumstances of your account." Fails to clarify Defendant's role in collecting the debt. <u>See</u> *Lesher v. Law Offices of Mitchell N. Kay, PC*, PC--F.3d--, 2011 WL2450964 (C.A. 3 (Pa.)).

32.     **Exhibit 1** is false, deceptive, and/or misleading in that, among other reasons, Defendant falsely identifies its business, company, and/or organization name as a "Limited Liability Partnership" when, in fact, its' true business, company, and/or organization is a "Limited Liability Company."

33.     Under Ohio law, a limited liability company must include the designation "Limited Liability Company," "LLC," "L.L.C.," "Limited,", "Ltd.," or "ltd." <u>See Ohio Revised code 1705.05(A)</u>.

34.     On May 17, 2010, Defendant's true name as organized and registered with the State of Ohio was (and continues to be as of the date of this pleading) Javitch Block & Rathbone, LLC.

35.     Defendant is not organized, licensed, and/or registered to operate and/or identify itself as anything other than its true name depicted in the caption of this First Amended Complaint.

36.     The name used by Defendant when it issued its debt collection letters to Plaintiff on May 18, 2010, (and, upon information and belief, to those similarly situated to Plaintiff, and continuing in nature), *i.e.*, Javitch Block & Rathbone, Attorneys at Law - A Limited Liability Partnership, is not its true name as interpreted under the FDCPA and is both false and misleading.

37. On May 12, 2010, CitiBank issued a letter to Plaintiff Michael confirming a mutually agreed upon pay back agreement. (See **Exhibit 3**.) On that same date, Plaintiff Michael made her first payment of Fifty Dollars ($50.00) per the pay back agreement set forth in **Exhibit 3**.

38. Defendant's issuance of the letter dated May 18, 2010, after Plaintiff entered into and made payment upon the pay back agreement outlined in the letter dated May 12, 2010, attached as **Exhibit 3**, sends a message to Plaintiff, and those similarly situated, that despite the alleged "disclaimer" provided in **Exhibit 1** that defendants and its lawyers were involved in the debt collection. Furthermore, the "lawyer" acting as a lawyer is presumed by the least sophisticated debtor to be non-lawyer and paralegal Michael Collins, whom Defendant failed to identify as a non-lawyer in contravention of applicable ethical guidelines. This too is false, deceptive, and misrepresentative.

39. On June 28, 2010, and subsequent to defendant's letter of May 18, 2010, Defendant, by and through its lawyers employed by the Defendant, filed a lawsuit against Plaintiff captioned "Complaint for Money" venued in the South Euclid Municipal Court, Cuyahoga County, Ohio.

40. The Complaint for Money falsely alleges that Plaintiff was in default and that despite due demands Plaintiff failed to liquidate the balance due and owing. These publicized statements were patently untrue, were highly offensive to Plaintiff, and were made by Defendant with knowledge of its falsity and/or in reckless disregard as to the falsity of the publicized matter.

41. Defendant's actions of issuing, upon information and belief, thousands of letters from May 18, 2010, and continuing to the present which falsely identifies its true business, company, and/or organization name as Javitch, Block & Rathbone, Attorneys at Law, a Limited Liability Partnership, represents a false, deceptive, and/or misleading representation or means in connection with the collection of any debt, and constitutes an express statutory violation of the

8

FDCPA. See 15 U.S.C. § 1692e(14), and further represents a pattern and protocol of wrongful contact and continuing violation of the FDCPA.

42. Defendant's actions of issuing, upon information and belief, thousands of letters for the last five (5) years and continuing to the present containing the name of a non-lawyer paralegal in the body of their letters as the person to contact -- who is not disclosed to be a non-lawyer acting solely as a debt collector -- violates 15 U.S.C. §1692e(3), and further represents a pattern and practice of wrongful conduct and represents a continuing violation of the FDCPA.

43. Defendant's actions as described herein are part of a pattern and practice of regular conduct. Upon information and belief, Defendant has issued this letter to multiple thousands of debtors both within the State of Ohio and throughout the country.

44. At all times pertinent hereto, the Defendant was acting by and through its agents, servants, and/or employees and lawyers who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant.

45. Defendant's actions as described herein were done with malicious, intentional, willful, reckless, negligent, and/or wanton disregard for Plaintiff's rights with the purpose of coercing Plaintiff to pay an alleged debt.

46. The Plaintiff has been harmed by the Defendant's conduct.

47. Defendant's conduct represents a pattern and practice of wrongful conduct and represents an ongoing and continuing violation of the FDCPA.

48. The conduct of the Defendant rises to a level sufficient to warrant the award of actual, statutory and/or additional damages as to Plaintiff's claims for violation of the FDCPA, because, among other things, Defendant falsely representing its name and firm structure in a direct violation of Ohio Statutory Law and/or the State of Ohio's Ethical Rules for Practicing Attorneys.

And, moreover, because Defendant has continually, to date, failed to disclose the contact persons in their letter to be non-lawyers.

49. Plaintiff Melissa Michael is entitled to punitive damages as to her individual claim for the tort of false light invasion of privacy.

## V. DEFENDANTS POLICIES AND PRACTICES

50. Plaintiff incorporates by reference paragraphs 1 through 49 as if fully rewritten herein.

51. Upon information and belief it is the standard policy and practice of Defendant to falsely represent the character, amount or legal status of debt.

52. Upon information and belief for the time period May 18, 2010, and continuing to the present, it is and has been the standard policy and practice of Defendant to use a business, company, or organization name other than the true name of the debt collector's (Defendant's) business, company or organization.

53. Upon information and belief it is the standard policy and practice of Defendant to fail to advise unrepresented consumers, such as Plaintiff, that they could take no legal action against them.

54. Upon information and belief it is the standard policy and practice of Defendant to falsely represent or imply that an attorney has reviewed the consumer's file when, in fact, no attorney has done so.

55. Upon information and belief, it is the standard policy and practice of Defendant to fail to disclose that its contact person(s) identified in their letters are non-lawyers operating solely as debt collectors, this violates 15 U.S.C. § 1692e(3). See *Lesher*, supra.

56. Upon information and belief it is the standard policy and practice of Defendant to use the authority and credibility created by its letterhead to collect debt and convey the threat of suit, without any meaningful review of the consumer's account.

57. Upon information and belief it is the standard policy and practice of Defendant to use its position and title as attorneys in order to add a false sense of heightened urgency and intimidation to its collection practices, without any meaningful attorney review of the consumer's account.

58. Upon information and belief it is the standard policy and practice of Defendant to attempt to collect a debt without proper assignment of the claim, and to fail to comply with the FDCPA.

## VI. CLAIMS FOR RELIEF

### COUNT I

**(Class Action - Fair Debt Collection Practices Act (15 U.S.C. § 1692, *et seq*.))**

59. Plaintiff incorporates by reference paragraphs 1 through 58 as if fully rewritten herein.

60. Plaintiff seeks to prosecute this case as a class action on behalf of herself and the four (4) sub-classes defined as follows:[3]

> (1) All natural persons throughout Ohio and the country who, within five (5) years before May 18, 2010, and continuing to the present received a letter substantially similar to the letter attached hereto as **Exhibit 1** from Defendant in connection with an attempt to collect a debt, where the debt was incurred for personal, family, or household reasons and the Defendant was collecting the debt on behalf of a third-party.

> (2) All natural persons throughout Ohio and the country who, from May 18, 2010, continuing to the present, received any letter or communication from Defendant in connection with the collection of any debt where Defendant used the business, company, or

---

[3] Note, Plaintiff Melissa Michael's individual claim for false light invasion of privacy is <u>not</u> included in the class allegations and is separate therefrom.

11

       organization name and/or otherwise falsely identified itself as "Javitch Block & Rathbone, Attorneys at Law - A Limited Liability Partnership."

(3)    All natural persons throughout Ohio and the country who, from May 18, 2010, continuing to the present received a letter substantially similar to the letter attached hereto as **Exhibit 1** from Defendant in connection with an attempt to collect a debt, where the debt was incurred for personal, family, or household reasons and the Defendant was collecting the debt on behalf of a third-party.

61.    This is a letter, a false and misleading representation, and wrongful debt collection attempt(s) case. All debtors or alleged debtors who received letters like **Exhibit 1** have exactly the same claim as Plaintiff. Because Defendant is in the business of collecting debts and these letters appear to be form letters, the group of recipients of letters like **Exhibit 1** is sufficiently numerous that it would be more efficient to address the claims of that group through a class action than through a multiplicity of individual actions.

62.    All debtors or alleged debtors where, from May 18, 2010, continuing to the present, received any letter or communication from Defendant in connection with the collection of any debt where Defendant used the business, company, or organization name and/or otherwise falsely identified itself as "Javitch Block & Rathbone, Attorneys at Law - A Limited Liability Partnership" is sufficiently numerous that it would be more efficient to address the claims of that group through a Class Action than through a multiplicity of individual actions.

63.    All debtors or alleged debtors who within five (5) years before May 18, 2010, and continuing to the present received a letter substantially similar to the letter attached hereto as **Exhibit 1** from Defendant in connection with an attempt to collect a debt, where the debt was incurred for personal, family, or household reasons and the Defendant was collecting the debt on behalf of a third party is sufficiently numerous that it would be more efficient to address the claims of that group through a class action than through a multiplicity of individual actions.

64. All debtors or alleged debtors who from May 18, 2010, continuing to the present received a letter substantially similar to the letter attached hereto as **Exhibit 1** from Defendant in connection with an attempt to collect a debt, where the debt was incurred for personal, family, or household reasons and the Defendant was collecting the debt on behalf of a third party is sufficiently numerous that it would be more efficient to address the claims of that group through a class action than through a multiplicity of individual actions.

65. The questions of fact and law are entirely common. The only question(s) of fact are: (1) whether the debtors or alleged debtors received letters like **Exhibit 1** and whether the defendant sent those letters; (2) whether between May 18, 2010, and continuing to the present the debtors or alleged debtors received a letter or any communication from Defendant in connection with collection of any debt where Defendant used the business, company, or organization name and/or otherwise falsely identified itself as "Javitch Block & Rathbone, Attorneys as Law - A Limited Liability Partnership," and whether the Defendant sent those letters; (3) whether within five years before May 18, 2010, and/or from May 18, 2010, and continuing to the present all debtors and alleged debtors received a letter or any communication from Defendant in connection with collection of any debt similar to the letter attached hereto as **Exhibit 1**. The questions of fact can be proved up by class members submitting the letters they received, when they file their claims. The questions of law are whether the statements, representations, and/or implications of **Exhibit 1** violate the FDCPA as alleged in this complaint, and whether the issuance of the letters similar to **Exhibit 1** in an attempt to collect a debt violate the FDCPA as alleged in this complaint. That is, the only questions of law are exactly the same for others who received letters like **Exhibit 1** as they are for the named Plaintiff.

66. The named Plaintiff is entirely typical of the class. She received the letter identified as **Exhibit 1**. Because the only issue is whether the statements and representations in that letter

13

violate the FDCPA, the Plaintiff is typical of the class in the only relevant respect: she received the allegedly unlawful letter.

67. The named Plaintiff is an adequate class representative. She has chosen to vigorously pursue her claims. And she has engaged qualified counsel with substantial experience in representing Plaintiffs and class members in class action litigation.

68. This class should be certified under Rule 23(b)(3), for damages as well or equitable and declaratory relief.

69. The common questions of law and fact predominate in this case because the only questions are common: whether letters like **Exhibit 1** were sent and received and whether the statements and/or representations in those letters identified in this complaint violate the provisions of the FDCPA identified in this complaint. There are no other questions of law or fact. Thus, the common questions predominate.

70. The class members have no substantial interest in controlling the prosecution of this case individually. The questions are entirely common and the legal strategy with respect to those questions is clear. The principal arguments have already been spelled out in this complaint. They are straightforward. And, in a class action, the Plaintiffs will have the services of counsel familiar with complex litigation who would not have adequate incentive to handle these cases on an individual basis.

71. Plaintiff requests certification of a hybrid class combining the elements of Rule 23(B) for monetary damages and Rule 23(B)(2) for equitable and declaratory relief.

72. The preceding paragraphs are incorporated by reference as though fully set forth herein.

73. Defendant violated the FDCPA by falsely representing the character, amount, or legal status of debt.

74. Defendant violated the FDCPA by falsely misrepresenting and/or using of a business, company, or organization name other than the true name of Defendant's business, company, or organization.

75. Defendant violated the FDCPA by wrongfully attempting to collect a non-defaulted debt subject to a pay back agreement.

76. Defendant violated the FDCPA by failing to advise unrepresented consumers, such as Plaintiff, that they could take no legal action against them.

77. Defendant violated the FDCPA by using the authority and credibility created by its letterhead to collect debt and/or convey the threat of suit, without any meaningful attorney review of the consumer's account.

78. Defendant violated the FDCPA by using its position and title as attorneys in order to add a false sense of heightened urgency and intimidation to its collection practices, without any meaningful attorney review of the consumer's account.

79. Defendant violated the FDCPA by mailing a letter (**Exhibit 1**) that would confuse the "least sophisticated consumer" about his/her rights.

80. That absence of attorney evaluation violates Section 1692e(3) of the FDCPA, which prohibits the "false representation or implication that any individual is an attorney or that any communication is from an attorney."

81. Defendant violated the FDCPA by mailing a letter (**Exhibit 1**) that implied that an attorney, acting as an attorney was involved in collecting Plaintiff's debt.

82. Defendant violated the FDCPA by making a letter (**Exhibit 1**) that failed to disclose that the contact person was a paralegal -- and <u>not</u> an attorney -- thus conveying to the "least sophisticated consumer" that an attorney had reviewed their file and determined that he/she was a candidate for legal action.

83. Defendant violated the FDCPA by mailing a letter (**Exhibit 1**) that was false and misleading in that it raised the specter of potential legal action by using its law firm title to collect a debt when the firm was not acting in its legal capacity when it sent the letters.

84. Defendant violated the FDCPA by mailing a letter (**Exhibit 1**) with an alleged (and insufficient) disclaimer that failed to clarify to the "least sophisticated consumer" that the law form, despite overshadowing representations in the letter, was acting solely as a debt collector.

## COUNT II

### (False light, invasion of privacy)

85. The allegations for false light invasion of privacy under Count II apply only and individually to Melissa Michael, and do not form any claims related to the putative class in Count I above.

86. Melissa Michael was extended a Home Depot credit card through CitiBank (South Dakota), N.A. ("CitiBank"). CitiBank placed the account with Defendant for purposes of collection.

87. On May 12, 2010, CitiBank issued a letter to Melissa Michael confirming a mutually agreed upon payback agreement (see **Exhibit 3**). On that same date, Plaintiff Melissa Michael made her first payment of Fifty Dollars ($50.00) per the payback agreement set forth in **Exhibit 3**. On May 18, 2010, subsequent to Plaintiff entering into her payback agreement with CitiBank, Defendant issued a debt collection letter to Plaintiff Melissa Michael (see **Exhibit 1**). Subsequent, on June 28, 2010, Defendant, by and through its lawyers employed by the Defendant, filed a lawsuit against Plaintiff Melissa Michael in the South Euclid Municipal Court, Cuyahoga County, Ohio, alleging that Melissa Michael was in default when, in fact, she was not.

16

88. Defendant placed Plaintiff Melissa Michael in a false light by placing in the public record that she was in default of her debt when, in fact, she was not, and such false light is highly offensive to both Plaintiff Melissa Michael and would be highly offensive to a reasonable person.

89. Moreover, Defendant had knowledge of and/or acted in reckless disregard as to the falsity of the publicized matter and the false light in which Plaintiff Melissa Michael would be placed.

90. As a direct and proximate result of Defendants actions placing Plaintiff Melissa Michael in a false light constituted an invasion of privacy, Melissa Michael has suffered damages therefrom.

91. Additionally, Plaintiff Melissa Michael is entitled to punitive damages for Defendant wrongfully placing her in a false light, thus invading her privacy as a matter of law.

## VIII. REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff Melissa Michael requests that this Honorable Court Order the following relief from Defendant Javitch, Block & Rathbone, Attorneys at Law, a limited liability partnership:

1. Certification of class for each sub-class indentified in Count I of this Complaint;

2. Appoint Plaintiff to represent the members of the class for each sub-class indentified in Count I of this Complaint;

3. Appoint the undersigned counsel as counsel for each sub-class identified in Count I of this Complaint;

4. Declaratory judgment that Defendant's practices violate the FDCPA for each sub-class indentified in Count I of this Complaint;

5. Injunctive relief resulting in an order from this Honorable Court that Defendant cease and desist from violating the FDCPA as outlined in Count I of this Complaint;

6. Actual, statutory, and/or additional damages in excess of $75,000.00 for each sub-class indentified in Count I of this Complaint;

7. The maximum of amount of Statutory damages as provided under 15 U.S.C. 1692(K) for each sub-class indentified in Count I of this Complaint;

8. Attorneys fees, litigation expenses, and costs for each sub-class indentified in Count I of this Complaint;

9. Pre- and post-judgment interest for each sub-class indentified in Count I of this Complaint;

10. Actual and punitive damages allowable under law as related to Count II of this Complaint; and

11. Such other or further relief as the Court deems appropriate.

## JURY DEMAND

Plaintiff respectfully demands a trial by jury on all claims so triable.

Respectfully submitted,

 /s/Thomas J. Connick
**THOMAS J. CONNICK (0070527)**
**JAMES P. SAMMON (0064212)**
**DUBYAK CONNICK THOMPSON & BLOOM, LLC**
3401 Enterprise Parkway, Suite 205
Cleveland OH 44122
PH: 216-364-0500 | FX: 216-364-0505
Email: tconnick@dctblaw.com
Email: jpsammon@dctblaw.com
*Attorneys for Plaintiff Melissa Michael*

**CERTIFICATE OF SERVICE**

  I hereby certify that on September 9, 2011, a copy of the foregoing ***FIRST AMENDED COMPLAINT*** was filed electronically. Notice of the filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. Undersigned counsel further certifies that, on this date, the above filing was sent by regular U.S. Mail, postage prepaid, to all counsel not registered with the Court to receive electronic filings.

               */s/Thomas J. Connick*
               **THOMAS J. CONNICK (0070527)**
               *Attorney for Plaintiff Melissa Michael*

F:\Clients - Connick\Michael, Melissa A (Ciarillo)\Michael v. Javitch\Pleadings\First Amended Complaint 09-09-2011.doc